# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN A. REMENTER,<br>    Petitioner | :<br>: | |
| | : | No. 1:19-cv-137 |
| v. | : | |
| | : | (Judge Kane) |
| ROBERT MARSH, et al.,<br>    Respondent | :<br>: | |

## MEMORANDUM

On January 24, 2019, pro se Petitioner Stephen A. Rementer ("Petitioner") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and a motion for leave to proceed in forma pauperis (Doc. No. 2.) In an Order dated February 7, 2019, Magistrate Judge Carlson granted Petitioner leave to proceed in forma pauperis and directed Respondent to file an initial response to the petition on or before March 15, 2019. (Doc. No. 7.) Respondent filed a response with exhibits on March 12, 2019. (Doc. No. 10.) After receiving an extension of time to do so (Doc. Nos. 11, 12), Petitioner filed his traverse on April 15, 2019 (Doc. No. 15). Petitioner has also filed a motion for expansion of the record (Doc. No. 13), and motion to enforce (Doc. No. 14), to which Respondent has filed responses (Doc. Nos. 17, 18). Petitioner filed a reply to Respondent's response regarding his motion for expansion of the record on May 2, 2019. (Doc. No. 19.) Petitioner's petition and motions are therefore ripe for disposition. For the reasons that follow, the Court will deny Petitioner's motions and dismiss his § 2254 petition.

I.      **STATEMENT OF THE CASE**

   A.     **Procedural History**

On September 7, 2012, Petitioner pled guilty to rape of a child. Commonwealth v. Rementer, Doc. No. CP-45-CR-0000028-2012 (Monroe Cty. C.C.P.).[1] He was sentenced on November 20, 2012, to serve no less than twenty (20) and no more than forty (40) years in a state correctional institution. Id. Petitioner then filed a motion for reconsideration of sentence on November 30, 2012, which the trial court denied on December 5, 2012. Id. Petitioner timely filed a notice of appeal to the Superior Court of Pennsylvania on December 27, 2012. Id. The Superior Court affirmed Petitioner's judgment of sentence on September 20, 2013. Commonwealth v. Rementer, No. 45 EDA 2013 (Pa. Super. Ct). Petitioner did not seek review by the Supreme Court of Pennsylvania.

Petitioner filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"), on December 29, 2016. Commonwealth v. Rementer, Doc. No. CP-45-CR-0000028-2012 (Monroe Cty. C.C.P.). Counsel was subsequently appointed to represent him, and an amended counseled PCRA petition was filed on March 6, 2017. Id. On August 8, 2017, following a hearing, the PCRA court denied Petitioner's PCRA petition as untimely filed. Id.; (Doc. Nos. 10-7, 10-9). Petitioner timely filed a counseled notice of appeal to the Superior Court of Pennsylvania on August 25, 2017. See Commonwealth v. Rementer, Doc. No. CP-45-CR-0000028-2012 (Monroe Cty. C.C.P.). On June 8, 2018, the Superior Court affirmed the denial of

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records, as well as its own records. See Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Monroe County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, as well as its own records.

Petitioner's PCRA petition and amended PCRA petition as untimely. Commonwealth v. Rementer, No. 2848 EDA 2017 (Pa. Super. Ct). On December 12, 2018, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. Commonwealth v. Rementer, No. 446 MAL 2018 (Pa. 2018). Petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 14, 2019. (Doc. No. 1.)

### B. Habeas Claims Presented

Petitioner presents the following three (3) grounds for relief:

1. Ineffective assistance of counsel during entry of guilty plea, at sentencing, and on direct appeal;

2. Guilty plea was unknowingly entered; and

3. Failing to provide necessary language access as required by the Americans with Disabilities Act.

(Doc. No. 1.)

## II. DISCUSSION

### A. Petitioner's Motions

Petitioner has filed a motion for expansion of the record (Doc. No. 13), seeking an order directing Respondent to supplement the record with copies of the transcripts from his PCRA proceedings. He asserts that these transcripts "are relevant to assessing the claims and timeliness of [the] underlying habeas corpus petition." (Id. at 1.) Respondent contends that he "did not have a copy [of the transcripts] and [that] they [are] irrelevant." (Doc. No. 17.) In reply, Petitioner maintains that without the transcripts, the Court cannot assess the validity of his claims. (Doc. No. 19.) As discussed infra, however, Petitioner's § 2254 petition is untimely, and the Court agrees with Respondent that the PCRA transcripts are not relevant to the

3

determination of the timeliness of his § 2254 petition. Accordingly, the Court will deny Petitioner's motion for expansion of the record.

Petitioner has also filed a motion to enforce (Doc. No. 14), seeking an order compelling Respondent to comply with the Court's February 7, 2019 Order. Petitioner asserts that Respondent did not serve a complete copy of the response upon him because the exhibits were not included. (Id. at 1.) In response, Respondent asserts that all of the exhibits attached to the response "have already been provided to [P]etitioner in prior proceedings." (Doc. No. 18.) Petitioner has not filed a reply asserting otherwise. Accordingly, the Court will deny Petitioner's motion to enforce.

### B. Petitioner's § 2254 Petition

In its response to the petition, Respondent argues that Petitioner's petition is untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. This statute provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

Under this statute of limitation, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Here, the applicable starting point for the statute of limitation is the "conclusion of direct review or the expiration of the time for seeking such review." Id. The Superior Court affirmed Petitioner's judgment of sentence on September 20, 2013, and Petitioner did not seek further appellate review by the Supreme Court. Rementer, No. 45 EDA 2013. Consequently, his judgment of sentence became final on October 21, 2013, thirty (30) days after he could have sought allowance of appeal of the Superior Court's decision. See Kuehner v. Com. of Pennsylvania, Civ. No. 3:14-0800, 2016 WL 1595389, at *4 (M.D. Pa. Apr. 20, 2016). Therefore, Petitioner had one year from October 21, 2013, or until October 21, 2014, to timely file a federal habeas petition. The instant habeas petition was filed on January 18, 2019, when Petitioner asserts he placed it in the prison mailing system for mailing to this Court. (Doc. No. 1 at 15); see Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a prisoner's document is filed at the time he places it in the prison mailing system for forwarding to the court). Therefore, unless it is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly-filed state post-conviction proceedings are pending in any state court. 28 U.S.C. § 2244(2). An application for state post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." See Artuz v. Bennett, 431 U.S. 4, 8 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." See Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

On December 29, 2016, Petitioner filed a PCRA petition. Rementer, Doc. No. CP-45-CR-0000028-2012 (Monroe Cty. C.C.P.). Counsel subsequently filed an amended counseled PCRA petition on March 6, 2017. Id. However, Petitioner's PCRA petitions did not operate to toll the statute of limitation because they were denied by the PCRA court as untimely filed. Id. The PCRA court's decision was upheld by the Superior Court. Rementer, No. 2848 EDA 2017. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414 (quoting Carey v. Saffold, 536 U.S. 214 (2002)). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See id. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). Accordingly, Petitioner is not entitled to statutory tolling, and the AEDPA

limitation period expired on October 21, 2014. The Court considers next whether equitable tolling applies to render Petitioner's federal habeas petition timely filed.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006). The United States Court of Appeals for the Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling. See Pace, 544 U.S. at 418.

Petitioner asserts that he is entitled to equitable tolling of the statute of limitation because appellate counsel abandoned all communication with him and failed to communicate the outcome of the direct appeal to him. Petitioner also maintains that he wrote several letters to the Monroe County Public Defender's Office between 2013 and 2016, but that his letters were not answered. He further claims that the staff at the law library at his correctional institution were unable to help him because the institution had just opened. Finally, Petitioner alleges that he asked his family for assistance, but that they could not provide additional information to him. (Doc. No. 1 at 14; Doc. No. 15 at 2.)

It is well established that "garden variety" claims of attorney negligence, such as miscalculation of a filing deadline, inadequate research, or other mistakes, do not rise to the level of "extraordinary circumstances" that warrant equitable tolling. See Holland, 560 U.S. at 651-52; see also Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004) (holding that "[g]enerally . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation"); Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's receipt of erroneous advice from counsel regarding the deadline for filing a federal habeas corpus petition did not warrant equitable tolling); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (finding that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

More egregious attorney conduct, however, such as an attorney's abandonment of his client, can create the "extraordinary circumstances" required for equitable tolling. See Holland, 560 U.S. at 652; Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013); see also Maples v. Thomas, 565 U.S. 266, 281-82 (2012). For example,

> [a]n attorney's total failure to communicate with his client, particularly where the attorney has failed to inform his client that his case has been decided and that decision implicates the client's ability to bring further proceedings, can constitute attorney abandonment, thereby supplying 'extraordinary circumstances' justifying equitable tolling of the statute of limitations.

Warren v. Sauers, No. 1:12-CV-1819, 2015 WL 778208, at *8 (M.D. Pa. Feb. 24, 2015) (citations omitted). Here, Petitioner has signed his petition under penalty of perjury. (Doc. No. 1 at 15.) He maintains that appellate counsel "abandoned all communication with [him] and admitted to such during the Post Conviction evidentiary hearing. Counsel failed to meaningfully communicate during the pendency of the direct appeal, failed to provide critical information that

8

the appeal had been decided, and that the decision was adverse." (Id. at 14.) Accordingly, Petitioner has sufficiently alleged extraordinary circumstances that could warrant equitable tolling of the statute of limitations.

The Court, however, must also consider whether Petitioner has demonstrated "that he has been pursuing his rights diligently." See Holland, 560 U.S. at 649. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." Ross, 712 F.3d at 799 (citing Holland, 560 U.S. at 653). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005). "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." Ross, 712 F.3d at 799. A diligent prisoner is one who did "what he reasonably thought was necessary to preserve his rights . . . based on information he received[.]" See Munchinski v. Wilson, 694 F.3d 308, 332 (3d Cir. 2012) (quoting Holmes v. Spencer, 685 F.3d 51, 65 (1st Cir. 2012) (alterations in original)).

Petitioner contends that he "used every diligence he could fathom to ascertain the status of his direct appeal, to no avail." (Doc. No. 15 at 2.) The Court does not agree. Petitioner claims that between 2013 and 2016, he wrote several letters to counsel about the status of his appeal, and that those letters were never answered. (Id.) Petitioner, however, offers no reason why, after a reasonable time had passed without a response from counsel, he simply did not contact the Superior Court about the status of his appeal. In Holland, the Supreme Court concluded that the petitioner had acted with reasonable diligence because he "not only wrote his attorney numerous letters seeking crucial information and providing direction[, but] also

9

repeatedly contacted the state courts." See Holland, 560 U.S. at 653; see also Ross, 712 F.3d at 802 (finding reasonable diligence where the petitioner "regularly and repeatedly . . . attempted to pursue his appeal through letters and phone calls to his attorney and to the courts" but was misled as to the status of his appeal by his attorney and by the trial court). Here, Petitioner's efforts are "a 'far cry from the diligence demonstrated by the petitioner in Holland,' where as soon as 'communications slowed down and ceased, the petitioner . . . wasted no time in contacting the state courts.'" See Ohler v. Lamas, 542 F. App'x 205, 207 (3d Cir. 2013). Thus, Petitioner's failure to contact the Superior Court, "a simple and reasonable act under the circumstances," breaks the link between his attorney's abandonment and his failure to timely file his federal habeas petition. See Skelton v. Ricci, No. 09-234 (FLW), 2011 WL 1402687, at *10 (D.N.J. Apr. 13, 2011) (concluding same). Consequently, the Court concludes that equitable tolling is not justified because Petitioner has failed to demonstrate that he diligently pursued his rights. Accordingly, the Court will dismiss the instant habeas petition as untimely.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

**IV.     CONCLUSION**

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), will be dismissed as untimely. Petitioner's motion for expansion of the record (Doc. No. 13) and motion to enforce (Doc. No. 14) will be denied. A COA will not issue. An appropriate Order follows.